## E. O. WATTIS V. THE STATE.

No. 22384. Delivered February 3, 1943.
Appeal Abated June 16, 1943.

The opinion states the case.

*Earl Shelton,* of Austin, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

Appellant was given four years in the penitentiary in Bowie County, Texas, on a charge of bigamy.

The evidence in the case reveals that the appellant was born in the State of Utah and that he had a wife and four children residing there. It was indicated that he was divorced from this wife. He came to Austin, Travis County, and remarried, the wedding taking place at Johnson City, Blanco County, on October 6, 1939. He went to Texarkana to work and some time after Christmas of 1941 and before the 11th day of February, following, he met Frances Fyock at a drive-in drink and eating joint and arranged with her to be married. At her suggestion, they repaired to her accustomed place to get married and had the advantage of the cheap rate of W. B. Sapp, justice of the peace in Bossier City, Louisiana. After spending a short while on the Arkansas side, they came to Texarkana, Texas, where they resided and held themselves out as man and wife by virtue of the Louisiana marriage, until March 13, 1942. At this time, the third wife learned that appellant had not secured his divorce from the wife living in Austin, and she declined his insistent

offer to continue their marriage relationship until wife number two secured a divorce, which she was then suing for. Wife number three left Wattis and that is probably responsible for the proceedings being instituted against him. Appellant was arrested at Kingsville, Texas, on April 8, 1942, at which time he signed a voluntary written confession admitting his marriage to Miss Frances Young at Provo, Utah, in 1922, and stated that he had secured his marriage license in Blanco County, Texas, and was married there in "October, 1938," to Mary Lou Barker of Austin, Texas, by a justice of the peace. They lived in Austin with her parents, but when difficulties between him and his wife arose he would frequently take a vacation from his marriage relationship and would "drift off" and send his wife and child nothing for support for a period of eight months at a time. In January, 1942, he met the principal prosecuting witness and in February was married to her. When wife number three learned about the status of the former marriage and left appellant, he returned to Austin, patched up his differences with wife number two and took her to Kingsville to live with him, where she remained about nine days. He never told her that he was married to Frances Fyock and that they lived in Texarkana as husband and wife. When wife number two again left him, he corresponded with wife number three in an effort to induce her to come to him at Kingsville. When arrested, he asked permission to wire wife number three and advise her not to come to him. Appellant does not testify in the case. There is no contention in the evidence that he believed his second wife to have divorced him at the time of his last marriage. In fact, the defendant introduced no evidence whatsoever in his behalf.

The first question presented for our consideration is the bill of exception complaining of the failure of the court to grant his motion for continuance for Mary Lou Wattis, his Austin wife, and her mother, Mrs. S. J. Barker, by whom it is contended he would be able to prove that in the first few days of January, 1942, Mary Lou wrote to defendant and told him she had obtained a divorce and he should not bother her further. The clerk of the district court made a mistake in issuing a subpoena for Mrs. S. J. Barker and by reason thereof, it was served on her husband. The allegations in this motion are such that the matter of continuance is within the sound discretion of the trial judge and we are unable to say that he abused his discretion in overruling same. The things he wanted to prove by them are contrary to the admissions in his written confession. No attack is made on this confession and no denial of the truth of its contents was made.

It is next contended that the Court erred in overruling appellant's motion to quash the indictment. Several grounds were set up in this motion which are entirely without merit and will not be discussed. The indictment sufficiently alleges the name of the lawful wife of the accused man and we do not deem it necessary to negative the matter which may be relied upon as a defensive issue. Branch's Ann. Pen. Code, Sec. 1,000.

The State relies strongly upon the written confession of appellant, which is sufficiently corroborated by a certified copy of his marriage license to Mary Lou Barker, with the proper records of Blanco County. Defendant's bill of exception number four presents an objection to the introduction in evidence of the certified copy of the marriage license on the ground that it was not filed and that he had no notice of its filing in the office of the district clerk for a period of three days, as required. The record discloses that the copy was filed for a period of three days, and the question of notice became a question of fact which the trial court concluded against the appellant's contention. Consequently there is no question of law presented for the consideration of this Court.

Finding no error, the judgment of the trial court is affirmed.

### ORDER OF ABATEMENT.

HAWKINS, Presiding Judge.

Pending a motion for rehearing affidavits of the death of appellant in the State of California on March 18, 1943, were filed with this court, and based thereon the appeal is ordered abated.